UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PATRICIA HUITT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TEVA PHARMACEUTICALS USA, INC., TEVA WOMEN'S HEALTH LLC; TEVA WOMEN'S HEALTH INC. et al.,<br><br>　　　　Defendants. | No. 2:20-cv-00954-WBS-KJN<br><br>MEMORANDUM AND ORDER RE: DEFENDANTS TEVA WOMEN'S HEALTH, LLC, TEVA WOMEN's HEALTH, INC. AND TEVA PHARMACEUTICAL USA, INC.'S MOTIONS TO DISMISS |

----oo0oo----

Plaintiff Patricia Huitt ("plaintiff" or "Huitt") brought this action against Teva Women's Health, LLC, Teva Women's Health, Inc., and Teva Pharmaceutical USA, Inc. ("defendants" or "Teva") seeking damages related to the defendants' design, manufacture, surveillance, sale, marketing, advertising, promotion, labeling, packaging, and distribution of the ParaGard Intrauterine Medical Device ("ParaGard IUD"). Before the court are the Teva defendants' substantively identical motions to dismiss for failure to state a claim upon which relief

1

can be granted under Federal Rule of Civil Procedure 12(b)(6). ("Mots. to Dismiss" (Docket Nos. 9, 12).)

I.  Factual and Procedural Background

Plaintiff was implanted with a ParaGard IUD in 2016. (See Compl. at ¶ 48) (Docket No. 1). In April 2018, plaintiff went to have the ParaGard IUD removed in Sacramento, California. (Id. at ¶ 50.) An ultrasound of plaintiff's pelvis revealed that the ParaGard IUD was mispositioned. (See id.) Plaintiff's healthcare provider attempted to remove the ParaGard IUD as instructed by Teva. (Id. at ¶ 51.) However, only a portion of the ParaGard IUD was retrieved, with one arm missing. (Id.) On May 10, 2018, plaintiff's physician removed the ParaGard IUD arm via hysteroscope. (Id. at ¶ 52.) Plaintiff alleges that neither she nor her doctors were provided with warnings from the defendants of the risk of ParaGard IUD failure and injury or adequate warning about the risks in removing the ParaGard IUD. (Id. at ¶ 53.) As a result, plaintiff claims that she has suffered significant bodily and mental injuries, pain and suffering, loss of earnings and earning capacity, and has incurred and will incur medical expenses. (Id. at ¶ 56.)

On May 11, 2020, plaintiff brought this action against defendants alleging: (i) negligence, (ii) strict liability design defect, (iii) strict liability manufacturing defect, (iv) strict liability failure to warn, (v) common law fraud, (vi) negligent misrepresentation, (vii) breach of express warranty, (viii) breach of implied warranty, (ix) violation of consumer protection laws, (x) gross negligence, and (xi) seeking punitive damages. (See generally Compl.)

II. Legal Standard

Federal Rule 12(b)(6) allows a defendant to assert a defense by motion for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

A statute of limitations defense "may be raised by a motion for dismissal or by summary judgment motion." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). "If the running of the statute is apparent on the face of the complaint, the defense may be raised in a motion to dismiss." Id. If relief is barred by the applicable statute of limitations, "the complaint is subject to dismissal for failure to state a claim . . ." Jones v. Bock, 549 U.S. 199, 215 (2007).

III. Discussion

California law supplies the statute of limitations to be applied in a diversity action on state law claims. See Yenidunya Invs., Ltd. v. Magnum Seeds, Inc., No. 2:11-1787 WBS CKD, 2011 WL 5241350, *3 (E.D. Cal. Oct. 3, 2011) (citing Walker

3

v. Armco Steel Corp., 446 U.S. 740, 752-53 (1980)). California Code of Civil Procedure § 335.1 establishes a two-year statute of limitations for an action for personal injury caused by the alleged wrongful act or negligence of another. See Cal. Code Civ. Proc. § 335.1. This limitations period on personal injury claims based upon defective products applies to all causes of action asserted in a personal injury action, regardless of the legal theory invoked. Eidson v. Medtronic, Inc., 981 F. Supp. 2d 868, 893 (N.D. Cal. 2013) (citing Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002)).

Defendants initially contended that plaintiff's cause of action accrued "in April 2018, and certainly no later than May 10, 2018." (See Teva Pharmaceutical USA's Mot. to Dismiss at 14 ("Teva USA's MTD") (Docket No. 12).) Defendants argue that because plaintiff did not file her complaint until May 11, 2020, her claims are time-barred under California Code of Civil Procedure § 335.1. (Id.) However, May 10, 2020, was a Sunday. Pursuant to California Code of Civil Procedure § 12(a), "if the last day for the performance of any act provided or required by law to be performed within a special period of time is a holiday, then that period is hereby extended to and including the next day that is not a holiday." See Cal. Code Civ. Proc. § 12(a). California Code of Civil Procedure § 10 explains that "[h]olidays within the meaning of the code are every Sunday and any other days that are specified." See Cal. Code Civ. Proc. § 10. Therefore, if plaintiff's cause of action accrued on May 10, 2018, when the embedded arm of her ParaGard IUD was removed, she is not time-barred under the two-year statute of limitations.

Defendants now withdraw their argument that the claim "certainly accrued no later than May 10, 2018," (see Teva USA's MTD at 14), and instead emphasize that plaintiff's claims accrued in April 2018 and should be time-barred under the statute of limitations based on that date. (See Reply in Supp. of Mot. to Dismiss at 3 ("Reply") (Docket No. 17).) Accordingly, in order to determine whether plaintiff's complaint is time-barred, the court must analyze when plaintiff's cause of action accrued.

### A. Accrual

Generally speaking, "a cause of action accrues at 'the time when the cause of action is complete with all of its elements.'" See Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 806 (2005) (citing Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999)). The elements of a cause of action are generically referred to by sets of terms like wrongful conduct, causation, and injury or harm. See Norgart, 21 Cal. 4th at 397. In both negligence and strict liability products liability claims, such as those at issue here, "the last element to occur is generally, as a practical matter, the injury to the future plaintiff." See Fox, 35 Cal. 4th at 809.

Defendants contend that plaintiff's cause of action accrued in April 2018 because her claims are all premised on her alleged injury resulting from the breakage of her ParaGard IUD during its removal. (See Reply at 5.) Plaintiff claims that she "suffered from having a broken arm of the ParaGard in her, causing her damage . . . ." (Compl. at ¶ 62.) She alleges that the ParaGard IUD was defective and unreasonably dangerous because it "can and does cause serious harm to the individuals who use

it, due to the risk of ParaGard's arm breaking upon removal." (See Compl. at ¶ 41.)  Plaintiff also states that had defendants' adequately warned about the risks of ParaGard, her physicians "would have changed the way they warned Plaintiff about the signs and symptoms of serious adverse side effects of ParaGard, and discussed with Plaintiff the true risks of arm breakage and resulting injuries and complications."  (Id. at ¶ 59.)

Under plaintiff's theory, her cause of action accrued when the remaining arm of the ParaGard was removed on May 10, 2018 and that this constituted a separate injury.  (See Pl.'s Opp. to Defs' Mots. to Dismiss ("Opposition") at 5 (Docket No. 14).)  Plaintiff invokes Aryeh v. Canon Business Solutions, 55 Cal. 4th 1185 (2013), in support of her contention that her claim is subject to the continuing violation or continuous accrual exception to the statute of limitations.  (See Opposition at 3-5.)  The continuing violation doctrine "aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them."  Aryeh, 55 Cal. 4th at 1192.  Under the theory of continuous accrual, a series of wrongs or injuries may be viewed as each triggering its own limitations period, "such that a suit for relief is partially time-barred as regards older events but timely as to those within the applicable limitations period."  Id.

The continuing violations and continuous accrual doctrines are not applicable here.  Both the continuing violation and continuous accrual doctrines are triggered by ongoing conduct of the *defendant*.  See Rattagan v. Uber Tech., Inc., No. 19-cv-

1  01988-EMC, 2020 WL 4818612, *6 (N.D. Cal. 2020) (citing <u>Richards</u>
2  <u>v.CH2M Hill, Inc.</u>, 26 Cal. 4th 798, 812 (2001).)  The removal of
3  the ParaGard arm in May 2018 was not a separate act *by defendants*
4  which would trigger either of these doctrines.  Rather, it was at
5  most continuing injury from the breakage of the ParaGard IUD upon
6  removal in April 2018.  As California courts have explained, "if
7  continuing injury from a completed act generally extended the
8  limitations periods, those periods would lack meaning.  Parties
9  could file suit at any time, as long as their injuries
10 persisted."  <u>Vaca v. Wachovia Mortgage Corp.</u>, 198 Cal. App. 4th
11 737, 745 (4th Dist. 2011).  Because the removal of the remaining
12 arm of plaintiff's ParaGard IUD in May 2018 is better viewed as a
13 continuing injury, the court agrees with defendants that
14 plaintiff's cause of action accrued in April 2018, absent the
15 application of a tolling principle such as the discovery rule.
16      B.   <u>Discovery Rule</u>
17           Plaintiff relies on the discovery rule to argue the
18 statute of limitations did not run on her claims prior to filing
19 suit.  (<u>See</u> Compl. at ¶¶ 63-67.)  The discovery rule "postpones
20 accrual of a cause of action until the plaintiff discovers, or
21 has reason to discover, the cause of action."  <u>See</u> <u>Fox</u>, 35
22 Cal.4th at 807.  A plaintiff has reason to discover a cause of
23 action when she at least suspects a factual basis for its
24 elements or an act of wrongdoing by the defendant.  <u>See</u> <u>Norgart</u>,
25 21 Cal. 4th at 406.  In order to rely on the discovery rule for
26 delayed accrual of a cause of action, a plaintiff whose complaint
27 shows on its face that their claim would be time-barred without
28 the discovery rule must specifically plead facts to show "(1) the

7

1  time and manner of discovery and (2) the inability to have made
2  earlier discovery despite reasonable diligence." See Fox, 35
3  Cal.4th at 808.  In assessing the sufficiency of the allegations
4  of delayed discovery, "the court places the burden on the
5  plaintiff to show diligence." Id.  "Conclusory allegations will
6  not withstand demurrer." Id.
7           Here, plaintiff fails to specifically plead facts under
8  both prongs of the Fox test.  For example, plaintiff merely
9  states that the nature of her injuries and damages and their
10 relation between the "ParaGard IUD and Defendants' wrongful
11 conduct was not discovered and could not be discovered until a
12 date within the applicable statute of limitations." (See Compl.
13 at ¶ 65.)  This does not describe the manner of her discovery or
14 provide a certain time at which she discovered the connection
15 between Teva and her injuries.  Plaintiff likewise does not give
16 any details as to her "diligent investigation" other than stating
17 that she consulted with her medical providers. (Id.)
18          Eidson v. Medtronic, Inc. is particularly illustrative
19 here.  In Eidson, the plaintiffs likewise sought to invoke the
20 discovery rule in a personal injury action.  See Eidson, 981 F.
21 Supp. at 893.  They did so by stating that despite diligent
22 investigation into the cause of their injuries, including
23 consultations with medical providers, "the nature of [their]
24 injuries and damages, and their relationship to [defendant] was
25 not discovered, and through reasonable care and diligence could
26 not have been discovered" until a date within the statute of
27 limitations.  Id.  The court held such statements were conclusory
28 and that plaintiffs failed to meet their burden of sufficiently

8

1  pleading facts to illustrate that they deserved the benefit of
2  the discovery rule.  Id. at 894.  Plaintiff in this case, using
3  almost identical language to that deemed insufficient in Eidson,
4  has likewise failed to allege enough facts to satisfy the
5  pleading requirements of the discovery rule.  However, under
6  Federal Rule of Civil Procedure 15, leave to amend "should be
7  freely granted when justice so requires."  Id. at 894 (citing
8  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).
9  Accordingly, the court will grant defendants' motions to dismiss.
10           IT IS THEREFORE ORDERED that defendants' motions to
11 dismiss (Docket Nos. 9 and 12) be, and the same hereby are,
12 GRANTED.  Plaintiff's claims are DISMISSED WITHOUT PREJUDICE with
13 leave to amend to allege additional facts regarding discovery
14 within 20 days of this order.[1]  Failure to cure the deficiencies
15 identified in this order will result in dismissal of the
16 complaint with prejudice.

Dated:  September 22, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] For the first time in oral argument, without even a passing mention of it in her complaint or opposition brief plaintiff cited to Emergency Rule 9, which was enacted by the Judicial Council of California on April 6, 2020 due to the COVID-19 pandemic.  See Judicial Council of California, Amended Cal. Rules of Court, Emergency Rule 9.  This rule purports to suspend from "April 6, 2020, until October 1, the statutes of limitation and repose for civil causes of action that exceed 180 days."  See Emergency Rule 9.  When plaintiff amends her complaint, if she wishes to rely on this rule, she must make it evident in her complaint so that she does not take both the court and opposing counsel by surprise again.